**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BRIAN GRAHAM,<br><br>        Plaintiff-Appellant,<br><br>v.<br><br>THE MIRAGE CASINO-HOTEL, a<br>Nevada corporation; et al.,<br><br>        Defendants-Appellees. | No. 16-16920<br><br>D.C. No.<br>2:14-cv-01949-MMD-NJK<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, District Judge, Presiding

Submitted December 4, 2017[**]
San Francisco, California

Before: GRABER and N.R. SMITH, Circuit Judges, and ROSENTHAL,[***] Chief
District Judge.

---

    [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

    [***]     The Honorable Lee H. Rosenthal, Chief United States District Judge
for the Southern District of Texas, sitting by designation.

Brian Graham appeals the district court's grant of summary judgment dismissing his claim that his former employer, the Mirage-Casino Hotel in Las Vegas, fired him in retaliation for filing a discrimination charge. The court ruled that retaliation was not the but-for cause of Graham's termination. We have jurisdiction under 28 U.S.C. § 1291. Reviewing the grant of summary judgment *de novo*, *Fuller v. Idaho Dep't of Corr.*, 865 F.3d 1154, 1161 (9th Cir. 2017), we affirm.

Graham was the Mirage's Facilities Manager; he reported to Matt Swanhart, Director of Facilities, who in turn reported to Anthony Williams, the Vice-President of Facilities, and Trevor Scherrer, the President and Chief Executive Officer. Scherrer fired Graham in September 2014. Shortly after Swanhart became Graham's supervisor, Swanhart received complaints about Graham's job performance. After warning Graham that his performance needed improvement, and seeing none, Swanhart and Williams placed Graham on a performance improvement plan in January 2014 and warned him that failing to achieve and maintain improvement could result in dismissal. In February 2014, Graham took a four-week medical leave of absence. In March 2014, during his leave, Graham filed a Charge of Discrimination with the Nevada Equal Rights Commission,

alleging that Williams had discriminated against him based on his race (Caucasian) and his age (47). Williams is African-American.

When Graham returned to work in late March, he was told that the performance improvement plan would start anew. Two days later, the Commission gave the Mirage notice of the Charge of Discrimination. Several months later, Graham's supervisors told Scherrer that Graham was not improving and that he was not going to successfully complete the performance improvement plan. Because of these concerns, Scherrer met with the engineers whom Graham supervised. The engineers told Scherrer that Graham showed some improvement but that he was not the best manager and might not be the best person for the position. Subsequently, Scherrer met with Graham's supervisors and concluded that firing Graham was the only viable option. Scherrer terminated Graham's employment on September 2, 2014, more than five months after the Mirage learned of Graham's discrimination charge.

We agree with the district court that Graham's claims are "heavy on insinuation and light on evidence." "Title VII retaliation claims require proof that the desire to retaliate was the but-for cause of the challenged employment action." *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 133 S. Ct. 2517, 2528 (2013). The record is

3

devoid of evidence supporting an inference that the discrimination charge was the but-for cause of either the performance improvement plan or the termination.

**AFFIRMED.**